**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

No. 09-40431
Summary Calendar

Charles R. Fulbruge III
Clerk

ERIC VON DRAKE,

Plaintiff-Appellant

v.

ST PAUL TRAVELERS INSURANCE CO; BYRNE, MEAD, &
SMITHERMAN LAW FIRM; LIBERTY MUTUAL AUTOMOTIVE
INSURANCE COMPANY; SEDGWICK, DETERT, MORGAN & ARNOLD
LAW FIRM; MARK TILLMAN; ALICA TATUM ANDREWS; JESSICA
SETTLER; HARTFORD INSURANCE CO; ABBASS SEKHAVAT; JOAN
BAZAR; LISA DEAN HULL; LEDINE SANCHEZ; TERESA G GRAY;
SPENCER BROWNE; HEYGOOD, REYES, ET AL LAW FIRM; MARTIN
HOFFMAN; GREG GRIFFITH; MARTIN, DISIERE, JEFFERSON &
WISDOM; LEVON G HOVATANIAN; MOLLY MEREDITH FRANCIS;
JAMES A MOSELEY; VALENCIA NASH; JESSICA STETTLER,

Defendants-Appellees

Appeal from the United States District Court for the Eastern District of
Texas
6:08-CV-301

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiff-Appellant Eric Drake, proceeding *pro se*, filed multiple suits arising from two alleged automobile accidents against St. Paul Travelers Insurance Company, the Byrne, Mead, & Smitherman law firm, Liberty Mutual Automotive Insurance Company, the Sedgwick, Detert, Morgan, & Arnold law firm, Mark Tillman, Alicia Tatum Andrews, Jessica Settler, Hartford Insurance Company, Abbass Sekhavat, Joan Bazar, Lisa Dean Hull, Ledine Sanchez, Teresa G. Gray, Spencer Browne, the Heygood, Reyes law firm, Judge Martin Hoffman, Greg Griffith, the Martin, Disiere, Jefferson, & Wisdom law firm, Levon G. Hovatanian, Justice Molly Meredith Francis, Justice James A. Moseley, Judge Valencia Nash, and Jessica Stettler (collectively "the defendants"). In the most recent suit filed by Drake, the district court adopted the Report and Recommendations of U.S. Magistrate Judge John D. Love, and granted the defendants' motions to dismiss the suit and denied as moot Drake's motions for evidentiary hearings. The district court also denied Drake's Motion for Default Judgment against two of the defendants. The district court also denied the defendants' Motions for Entry of Vexatious Litigant Order. For the following reasons, we AFFIRM the judgment of the district court.

## I.

We recite the thorough facts of Magistrate Judge Love:

> Plaintiff was involved in an automobile accident with Defendant Alice Tatum Andrews, in Dallas County, Texas in May 2004. Thereafter, Plaintiff filed a lawsuit against Andrews and Plaintiff's insurance carrier Liberty Mutual Automotive Insurance Company, in the 44th Judicial Court of Dallas County; Drake represented himself in the lawsuit. On August 30, 2004, Visiting Judge Kent Sims entered an order in that case declaring Drake to be a vexatious litigant and ordering Drake to post security or have his lawsuit dismissed. In response, Drake filed a notice of nonsuit in which he asserted that he would re-file his lawsuit in another court with additional defendants.

Drake filed a second lawsuit against Andrews in the United States District Court for the Eastern District of Texas—Texarkana Division against many of the defendants named in the present lawsuit, including Liberty Mutual Automotive Insurance Company, Alice Andrews, Lisa D. Hull, Jessica Settler, Hartford Insurance Company, Abass Sekhavat, and Joan Bazar. He alleged a variety of claims, including racial discrimination arising from the denial of an insurance claim. Plaintiff later voluntarily dismissed those claims. Less than two weeks later, Defendant Spencer Browne of Defendant law firm Heygood Reyes filed a similar suit on Drake's behalf in the 68th Judicial District Court, Dallas, Texas, naming Alice Andrews and Liberty Mutual Automotive Insurance Co. as defendants. Mr. Browne later withdrew as Plaintiff's attorney. Andrews moved to have Plaintiff declared a vexatious litigant. Defendant Judge Martin Hoffman denied the motion finding that Chapter 11 of the Texas Civil Practice & Remedies Code did not apply because, although Plaintiff was proceeding pro se by the time of the hearing, he had been represented by counsel when the suit was initially filed.

Andrews hired Defendants Greg Griffith, Levon Hovnatanian and the law firm of Martin, Diseire, Jefferson & Wisdom to represent her in a mandamus action seeking to reverse Judge Hoffman's ruling on the vexatious litigant motion. The Fifth Court of Appeals, in an opinion authored by Defendant Justice Molly Francis and joined by Defendant Justice James Moseley, found that Chapter 11 of the Texas Civil Practice & Remedies Code applied to pro se litigants who were represented at the initial filing of the suit. Thereafter, Judge Hoffman declared Plaintiff a vexatious litigant. Plaintiff's lawsuit was subsequently dismissed with prejudice after he failed to provide the required bond.

In April 2008, Plaintiff filed essentially the same lawsuit in Small Claims Court, Dallas County, Texas. That case was dismissed by Defendant Judge Valencia Nash on June 12, 2008 for failure to comply with the terms of the vexatious litigant order.

On June 9, 2008, Plaintiff filed a Verified Petition to Perpetuate Testimony in the Eastern District of Texas, Marshall Division, that sought the depositions of Alice Andrews, Greg Griffith, Jessica Stettler, and Levon Hovnatanian. All four of these individuals are defendants in this lawsuit. Judge Ward transferred the action sua sponte to the Northern District of Texas, Dallas Division. The case was assigned to Magistrate Judge Stickney who

sent Plaintiff a detailed questionnaire on August 1, 2008 seeking additional information about Plaintiff's allegations. Subsequently and without responding to the questionnaire, Plaintiff withdrew his request for discovery and that withdrawal was filed on August 15, 2008.

In September 2008, after filing the present suit, Drake petitioned the United States District Court for the Western District of Texas–Austin Division for permission to take the oral depositions of Hovnatanian and Andrews, claiming he "anticipated" being a party to a lawsuit against Andrews and her attorneys for fraud, possible conspiracy to commit fraud, libel/slander, consumer fraud, deceptive trade practices, and other similar violations of civil law. In its order dismissing Drake's case, the court stated "Essentially [Drake] appears to be attempting to circumvent the state court's determination that he is a vexatious litigant."

A second accident is also involved in this lawsuit. Plaintiff claims that he was involved in a second accident on May 31, 2005 in Dallas County, Texas. Plaintiff claims that an entity called "Travelers", Teresa Gray, Shannon Smitherman and the law firm of Byrne Mead & Smitherman, the outside counsel hired by Travelers, violated his civil rights when they denied his claim for benefits under an automobile policy he claims was issued by Travelers. St. Paul Travelers Insurance Co. has answered in this lawsuit, although it claims that it is not the Travelers entity referenced in Plaintiff's complaint.

In addition to the entities mentioned above, Plaintiff alleges that Defendants Hartford Insurance Co., Lisa Hull, Mark Tillman of law firm Sedgwick, Detert, Morgan & Arnold are somehow involved in his claims against Liberty Mutual Automotive Insurance Co. He claims that Ledine Sanchez and Teresa Gray are somehow involved in his claims against Alice Andrews, Judge Hoffman, Justice Francis, and Justice Moseley. He claims that Defendant Joan Bazar violated HIPAA by giving out his personal information to Abbass Sekhavat because of his race. Finally, Plaintiff claims that Jessica Settler and Jessica Stettler are attorneys somehow involved in one of the cases in which Plaintiff was declared a vexatious litigant.

Report and Recommendation of United States Magistrate Judge, at 2–4 (citations omitted).

II.

In reviewing the facts, the Magistrate Judge divided the defendants into three categories: Andrews, the Judges, and all of the remaining defendants. The Magistrate Judge recommended the claims be dismissed against each category of defendant for the following reasons.

A.

The Magistrate Judge recommended the claim against Andrews be dismissed under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In 2005, the U.S. Supreme Court held that application of the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This case does not meet the narrow set of cases governed by *Rooker-Feldman*. In his present complaint, Drake is not inviting the district court to review and reject the judgment of the Texas state courts. Instead, Drake is seeking damages for Andrews' allegedly fraudulent statements. Thus, *Rooker-Feldman* is inapplicable in this case.

Though *Rooker-Feldman* is inapplicable, we find that the district court did not err in dismissing Drake's claim against Andrews as the court lacked subject matter jurisdiction. Drake asserts subject matter jurisdiction based on diversity and 42 U.S.C. §§ 1981 and 1983. None of these are applicable. Drake and Andrews are both Texas domiciliaries, thus there is no diversity jurisdiction. Sec. 1981 is inapplicable, among other reasons, because Drake failed to allege any facts that indicate Andrews intended to discriminate against him based on

his race. *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). Finally, § 1983 is inapplicable to Andrews because Andrews is not a state actor. Therefore, this court lacks subject matter jurisdiction over the claim against Andrews.

B.

The Magistrate Judge recommended the claims against the Judges be dismissed based on judicial immunity. Drake argues the Judges are not entitled to judicial immunity because their actions were outside the scope of their judicial employment. We find no merit to Drake's argument. Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Applying the *Adams v. McIlhany* factors to this case, as the Magistrate Judge did, it is clear that the acts performed by the Judges were judicial acts. *See* 764 F.2d 294, 297 (5th Cir. 1985). Moreover, none of these actions were performed in the clear absence of all jurisdiction.

C.

The Magistrate Judge recommended the claims against the remaining defendants be dismissed because of Drake's failure to state a basis for subject matter jurisdiction. Drake asserts subject matter jurisdiction based on diversity and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. None of these grant this court subject matter jurisdiction.

Drake has not alleged the domicile of all of the remaining defendants. The defendants whose domicile Drake has alleged are not diverse. As such, diversity jurisdiction is inapplicable.

Jurisdiction under the Civil Rights statutes is also inapplicable. None of the remaining defendants are state actors, therefore they may not be sued under

§ 1983. Drake has failed to allege any facts that support his belief that the defendants engaged in their conduct because of his race, a requirement under §§ 1981 and 1985. *See Arguello*, 330 F.3d at 358; *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 923 (5th Cir. 1977). This court has held that a valid § 1985 claim is a prerequisite to a § 1986 claim. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Because Drake does not have a valid § 1985 claim, he does not have a valid § 1986 claim.

### III.

In addition to dismissing all claims against the defendants, the district court denied as moot Drake's Motions for Evidentiary Hearings. The district court also denied Drake's Motion for Default Judgment as to defendants Bazar and Sekhavat because both defendants filed motions within days of being served. We find the district court did not err in denying these motions.

Finally, the district court denied the defendants' Motions for Entry of a Vexatious Litigant Order. We find the district court did not abuse its broad discretion in denying this motion.

### CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.